08 CV 4825

Robert Ottinger (RO-8879)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, New York 10038
(212) 571-2000

JUDGE BUCHWALD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN POBLOCKI,

           Plaintiff,

vs.

GRUBB & ELLIS COMPANY

           Defendant.

COMPLAINT
AND JURY TRIAL DEMAND

RECEIVED MAY 23 2008 U.S.D.C. S.D. N.Y. CASHIERS

John Poblocki ("Mr. Poblocki" or "Plaintiff"), by and through his attorneys, The Ottinger Firm, P.C., as and for his complaint against Grubb & Ellis Company ("Grubb & Ellis" or "Defendant"), alleges as follows:

### THE PARTIES

1.     John Poblocki is a resident of Forest Hills, New York. He was employed by Grubb & Ellis in New York City for one year in 1993 as District Manager for New York City. More recently, Mr. Poblocki was employed by Grubb & Ellis from April 1, 2001 to May 2, 2008. During Mr. Poblocki's recent tenure, he was hired as Vice President, Director of Management Services, and in 2003 was promoted to Regional Senior Vice President.

2.     Grubb & Ellis Company is a corporation organized under the laws of the State of Delaware with principal executive offices in Chicago, Illinois. Grubb & Ellis is a commercial real estate services and investment company with offices worldwide. According to its website, Grubb & Ellis offers property owners, corporate occupants and investors real estate services

including transaction, management, consulting and investment advisory services. Grubb & Ellis has an office located in New York City.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. § 1332(a)(1) because the plaintiff and defendant are citizens of different states and the amount in controversy exceeds $75,000.

4. As the Southern District of New York is the district where a substantial part of the events giving rise to the claim occurred, venue is proper within this District pursuant to 28 U.S.C. § 1391(a)(2). Prior to the commencement of this action, Mr. Poblocki served a copy of this Complaint upon the New York City Commission on Human Rights and the Corporation Counsel of City of New York in accordance with N.Y.C. Admin. Code §8-502(c).

5. Plaintiff will file a charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"). When plaintiff receives a Right to Sue Notice, he will seek to amend the Complaint and add claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The facts set forth are those relevant to that claim as well, and therefore there will be no prejudice to defendant by this procedure.

## THE NATURE OF THE ACTION

6. This is a civil action for damages and remedies brought under the Administrative Code of the City of New York § 8-101 et seq. ("New York City Human Rights Law"). Specifically, Grubb & Ellis discriminated against Mr. Poblocki because of his age.

7. Grubb & Ellis discriminated against Mr. Poblocki because of his age by terminating him at the age of 60, after devoting over seven years of noteworthy service to

Grubb & Ellis, and transferring his job responsibilities in large part to a significantly younger and less-experienced Grubb & Ellis employee.

8. Mr. Poblocki was also the recipient of ageist comments made by his supervisors.

9. Grubb & Ellis has exhibited a corporate culture that favors workers in their thirties to those in their mid-forties and beyond.

## FACTS

10. Mr. Poblocki is sixty years old.

11. Mr. Poblocki has thirty-five years of experience in the real estate field. He possesses a Bachelor of Science degree in civil engineering and a Masters degree in city planning.

12. Mr. Poblocki joined Grubb & Ellis in 1993 as District Manager, and worked in this capacity for approximately one year.

13. Mr. Poblocki rejoined Grubb & Ellis on April 1, 2001 as Vice President, Director of Management Services. In 2003, Mr. Poblocki was promoted to Regional Senior Vice President ("RSVP").

14. Mr. Poblocki was one of four RSVPs. In this role, Mr. Poblocki ran five profit centers and oversaw approximately five hundred employees.

15. Mr. Poblocki enjoyed great success in this position, exceeding his yearly goals and consistently exceeding expectations on his yearly performance reviews.

16. Over the course of the past two years, Mr. Poblocki's supervisors have made comments to him that exhibit age bias. On one occasion, the President of Grubb & Ellis's New York office heavily promoted Mr. Poblocki's hiring of a 34-year-old as Mr. Poblocki's

next-in-command. The President told Mr. Poblocki that the potential hire was "a fresh pair of legs and a younger face."

17. Other comments made to Mr. Poblocki related to Grubb & Ellis's desire to get new, young faces in front of Grubb & Ellis's clients, and general references to "the new Grubb & Ellis," run by a younger staff.

18. Mr. Poblocki also heard comments about certain older employees being too old to work at Grubb & Ellis.

19. On March 13, 2008, Mr. Poblocki's boss, Dylan Taylor, who is in his thirties, informed Mr. Poblocki that he was being terminated, and that Karen Krakov ("Ms. Krakov") would be taking over his position.

20. Upon information and belief, Ms. Krakov is thirty-nine years old. She has only been employed by Grubb & Ellis for one year. She has a Bachelor of Arts degree in English, and approximately seventeen years of experience. Ms. Krakov was responsible for a region about half the size of Mr. Poblocki's during her one year with Grubb & Ellis.

21. Mr. Poblocki is more experienced and qualified for the position than Ms. Krakov.

22. In April, 2008, Grubb & Ellis circulated a memo regarding a presentation to the Institute of Real Estate Managers given by Ms. Krakov. Ms. Krakov's presentation was entitled "How to Recruit, Manage and Retain Gen X and Gen Y." Gen X and Gen Y are shorthand for Generation X and Generation Y, both of which groups are comprised of people under the age of forty. The memo presented Ms. Krakov's presentation as an accomplishment, and something positive for Grubb & Ellis.

23. Age was a factor in Grubb & Elllis's decision to terminate Mr. Poblocki and replace him with a younger and less experienced and less qualified person.

4

24. Grubb & Ellis engaged in similar conduct by terminating other older employees and transferring their duties to younger and less qualified employees.

25. As a result of Grubb & Ellis's age bias, Mr. Poblocki has suffered substantial damages, including lost wages and benefits, reputational damage and emotional distress in an amount to be determined at trial.

26. Upon information and belief, Grubb & Ellis's discriminatory conduct was engaged in with malice and/or reckless indifference to Mr. Poblocki's protected rights. Mr. Poblocki is therefore entitled to punitive damages under the New York City Human Rights Law.

27. Grubb & Ellis is liable for discrimination by its employees under N.Y. City Admin. Code § 8-107.

## FIRST CAUSE OF ACTION
### Age Discrimination
### Under the New York City Administrative Code § 8-101 et seq.

28. Mr. Poblocki hereby repeats and re-alleges each of the above-mentioned allegations as if fully set forth herein.

29. Mr. Poblocki is a "person" under § 8-102(1) of the New York City Administrative Code.

30. On information and belief, Grubb & Ellis is an "employer" subject to the provisions of the New York City Human Rights Law under § 8-102(5) of the New York City Administrative Code.

31. By the acts and practices described above, including, but not limited to, terminating Mr. Poblocki and transferring his duties to a significantly younger and less experienced employee, and making derogatory comments about age, Grubb & Ellis

discriminated against Mr. Poblocki in the terms and conditions of his employment on the basis of his age in violation of the New York City Administrative Code.

32. Although Mr. Poblocki was more qualified than his younger colleagues, he was terminated on account of his age while his younger colleagues were overwhelmingly promoted higher up the ranks of the company.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment and issue:

(a) An award to Plaintiff of his actual damages in an amount to be determined at trial for lost wages and benefits, including an award of back pay and front pay;

(b) An award to Plaintiff of compensatory damages in an amount to be determined at trial for the humiliation, mental anguish, pain and suffering and emotional distress sustained by him;

(c) An award of punitive damages to deter future conduct by the Defendant, in an amount to be determined at trial;

(d) An award to Plaintiff of the costs of this action, including reasonable attorney's fees to the fullest extent permitted by law; and

(e) Such other and further relief as this Court deems necessary and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 23, 2008

Respectfully submitted,

Robert W. Ottinger
The Ottinger Firm, P.C.